# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAIʻI

| REBECCA W. PICKETT, | CIVIL NO. 18-00087 DKW-RLP |
|---|---|
| Plaintiff, | **ORDER (1) DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DENYING MOTION FOR APPOINTMENT OF COUNSEL** |
| vs. | |
| STATE OF HAWAII, DEPARTMENT OF EDUCATION, KAUAI DISTRICT, | |
| Defendants. | |

## **INTRODUCTION**

On March 7, 2018, Plaintiff Rebecca W. Pickett, proceeding pro se, filed a Complaint against the State of Hawaii, Department of Education ("DOE"), alleging gender discrimination and retaliation in violation of Title VII. Dkt. No. 1. Pickett also filed an Application to proceed *in forma pauperis* ("IFP Application") and a Motion for Appointment of Counsel. Dkt. Nos. 3 and 4. For the reasons that follow, the Court DENIES both the IFP Application and Motion for Appointment of Counsel.[1] If Pickett decides to proceed with this action, she must pay the appropriate filing fee by no later than April 2, 2018.

---

[1] Pursuant to Local Rule 7.2(d), the Court finds these matters suitable for disposition without a hearing.

**DISCUSSION**

Because Pickett is appearing pro se, the Court liberally construes her filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)).

**I.     Plaintiff's IFP Application Is Denied**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty.") (internal quotation omitted).

When reviewing an application filed pursuant to § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d

1305, 1307 (11th Cir. 2004). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that he or she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

Here, the IFP Application indicates that Pickett earns gross wages of $3,087.00 and take-home pay of $1,797.57 per bi-monthly pay period (twice per month). She lists debts in the following amounts: $75,286.69 (student loan); and $8,312.69 (personal loan). Pickett also lists the following assets: an automobile valued at $19,809.41; a tax-free annuity with a net value of $9,549.02; and $23.51 in a checking or savings account. Based upon the IFP Application, Pickett's income, taking into account her liabilities and assets, falls above the poverty threshold identified by the Department of Health and Human Services ("HHS") 2018 Poverty Guidelines. *See* Annual Update of the HHS Poverty Guidelines, https://www.federalregister.gov/documents/2018/01/18/2018-00814/annual-update-of-the-hhs-poverty-guidelines.[2] Accordingly, the Court finds that Pickett has

---

[2]The 2018 poverty guideline for a single-person household in Hawaii is set at $13,960. Pickett's annual salary, based on her gross earnings of $3,087.00 per bi-monthly pay period, far exceeds the poverty guideline. *See Yamano v. State of Haw. Judiciary*, Civ. No. 18-00078 SOM-RLP, Dkt. No. 4 (D. Haw. Mar. 6, 2018) (The district court denied pro se plaintiff's IFP Application, noting that "Yamano says she receives wages of $3,600 per month, or $43,200 per year. While the court understands the difficulty of making ends meet in Hawaii on such a salary, Yamano's salary far exceeds the poverty guideline.").

failed to make the required showing under Section 1915 to proceed without prepayment of fees and DENIES her IFP Application. If Pickett wishes to proceed with this action, she must remit the appropriate filing fee.

## II. Plaintiff's Motion For Appointment Of Counsel Is Denied

Pickett also filed a Motion for Appointment of Counsel under the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f)(1)(B). Dkt. No. 4. There is no constitutional right to the appointment of counsel in employment discrimination cases. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). Title VII authorizes the appointment of counsel "[u]pon application by the complainant and in such circumstances as the court may deem just . . . ." 42 U.S.C. § 2000e-5(f)(1). Under Title VII, a court should only appoint counsel under "exceptional circumstances." *DeCosta v. Hawaii*, 2010 WL 5390130, at *2 (D. Haw. Dec. 20, 2010) (citing *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)). "The decision to appoint counsel is left to the sound discretion of the district court." *Johnson v. U.S. Treasury Dep't*, 27 F.3d 415, 416 (9th Cir. 1994) (citations omitted).

Courts generally consider the following three factors in determining whether to appoint counsel: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Id*. at 416–17 (citations omitted). A plaintiff has the burden of persuasion

as to all three factors, and an unfavorable finding as to any one factor may be fatal to the request. *See Williams v. 24 Hour Fitness USA, Inc.*, 2014 WL 7404604, at *2 (D. Haw. Dec. 30, 2014) (citing *Miljkovic v. Univ. of Hawaii*, 2010 WL 346450, at *1 (D. Haw. Jan. 27, 2010)).

### A. Plaintiff's Financial Resources

First, Plaintiff's Motion indicates that she is employed by the Kawaikini New Century Public School and makes $3,087.00 (gross) per month. Dkt. No. 4 at 5. She earned additional income during the past twelve months ($206.01 from Kamehameha Schools); pays $560.00 per month in rent; and lists monthly payment amounts due on her various loans and other debts ($407.62; $25.00; $28.00; $15.00; $150.49; $337.00; $500.00; $100.00). *Id.* at 6–7. Based on the information provided by Pickett, and for the reasons discussed above with respect to the IFP Application, the Court finds that Plaintiff's financial resources weigh against appointing counsel.

### B. Plaintiff's Efforts to Obtain Counsel

Second, the Court considers whether Plaintiff made "what can be considered a reasonably diligent effort under the circumstances to obtain counsel." *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1319 (9th Cir. 1981). In *Bradshaw*, the plaintiff met this threshold by contacting more than ten attorneys, each of whom

declined to represent her except upon financial terms that she was unable to meet. *Id.*

Here, Pickett lists the names of four local attorneys and two national legal organizations' offices whom she contacted, and generally asserts that she cannot afford to obtain a private attorney. Apart from these general assertions, Plaintiff does not specify why she is unable to meet the terms of representation offered by the attorneys contacted, or why private representation is not otherwise possible. Moreover, based upon Plaintiff's representations, it is not clear that Pickett has attempted to take advantage of free legal services such as those provided by Volunteer Legal Services Hawaii or other referral services in the local legal community. While the Court recognizes that Pickett has made some effort to retain counsel, it appears that greater efforts could be made. *See, e.g., Turner v. Dep't of Educ.*, 2010 WL 6571413, at *2 (D. Haw. Dec. 13, 2010) (holding that contacting seven attorneys and Volunteer Legal Services Hawaii was not a reasonably diligent effort to obtain counsel). On the present record, the Court finds that Plaintiff has not made a reasonably diligent effort under the circumstances to obtain counsel. *See also Williams*, 2014 WL 7404604, at *3 (D. Haw. Dec. 30, 2014) (finding that plaintiff did not make reasonably diligent efforts where he "contacted seven attorneys, and generally assert[ed] that he cannot afford to obtain a private attorney

and is unable to find an attorney willing to represent him on terms that he can afford"). Accordingly, the Court finds that this factor militates against appointing counsel.

### C. The Merits of Plaintiff's Claims

Third, Plaintiff must show that her Title VII claim has "some merit." *Bradshaw*, 662 F.2d at 1319. Title VII makes it an unlawful practice for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). In deciding whether a claim has some merit at this preliminary stage, "the EEOC determination regarding 'reasonable cause' should be given appropriate weight." *Bradshaw*, 662 F.2d at 1319–20. In this case, Pickett received notice that she had the right to institute a civil action under Title VII against the DOE because the statutory time period had elapsed from the time she filed her charge without other action by the EEOC. Dkt. No. 1-1.[3] The Notice of Right to Sue stated that it "should not be taken to mean that

---

[3]The Notice of Right to Sue issued by the Department of Justice Civil Rights Division on December 12, 2017 indicates only that "more than 180 days have elapsed since the date the [EEOC] assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because [Pickett] specifically requested this Notice," she has the right to institute a civil action under Title VII. Dkt. No. 1-1.

7

the Department of Justice has made a judgment as to whether or not your case is meritorious." *Id.*

Here, Pickett alleges that her supervisor discriminated against her based upon her gender by assigning courses to less qualified male co-workers, and then created a hostile work environment and retaliated against her for filing an EEOC charge of age and gender discrimination. Compl. at 3. Although Plaintiff's allegations, if true, may present a claim under Title VII, there is no further information for the Court to consider in determining whether her claims have merit because Pickett's charge with the EEOC was dismissed with no indication that the Commission concluded that any statutory violation occurred. *See Holbrook v. Hawaii*, 2016 WL 5109179, at *3 (D. Haw. Aug. 9, 2016) (finding third factor neutral where Hawaii Civil Rights Commission made a "preliminary finding for closure because there was insufficient evidence" to substantiate discrimination, while also noting that, "[a]lthough the Court has determined that Plaintiff's allegations are sufficient for purposes of proceeding in this action without prepayment of fees, there is no further information for the Court to consider in determining whether Plaintiff's claims have merit"). In light of the absence of an EEOC finding as to reasonable cause, the Court cannot presently determine whether Plaintiff's claim has "some merit." Therefore, the

Court finds that the third factor is neutral and weighs neither in favor nor against the of appointment of counsel.

### D. Summary

The balance of factors weigh against the appointment of counsel at this time. In addition, the Court observes that Pickett's Complaint does not raise exceptionally complex issues of law, and she appears capable of articulating the relevant facts and legal issues, and is therefore, seemingly able to proceed pro se. *See McCue v. Food Pantry, Ltd.*, 2008 WL 852018, at *3 (D. Haw. Mar. 28, 2008). Accordingly, because "exceptional circumstances" do not exist here, Plaintiff's Motion for Appointment of Counsel is DENIED.

The Court advises Pickett that she must represent herself pro se unless and until she is able to retain counsel and counsel enters an appearance in this case. Pro se litigants are responsible for complying with all of the applicable court rules and deadlines. *Motoyama v. Hawaii, Dep't of Transp.*, 864 F. Supp. 2d 965, 976 (D. Haw. 2012) ("[P]ro se litigants must follow the same rules of procedure that govern other litigants.") (citation omitted).

## CONCLUSION

Based upon the foregoing, Pickett's IFP Application (Dkt. No. 3) and Motion for Appointment of Counsel (Dkt. No. 4) are DENIED. By no later than **April 2,**

**2018**, Pickett must pay the applicable filing fee.  The Court CAUTIONS Pickett that if she fails to timely pay the filing fee, this action will be automatically dismissed without prejudice without further notice.

IT IS SO ORDERED.

Dated: March 12, 2018 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Pickett v. State of Haw., Dep't of Educ.*; Civil No. 18-0087 DKW-RLP; **ORDER (1) DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DENYING MOTION FOR APPOINTMENT OF COUNSEL**